LISA DARLING-ALDERTON - State Bar No. 221738
lalderton@wpdslaw.com
**WOOLLS PEER DOLLINGER & SCHER**
A Professional Corporation
One Wilshire Building
624 South Grand Avenue, 22nd Floor
Los Angeles, California 90017
Telephone:   (213) 629-1600
Facsimile:   (213) 629-1660

Attorneys for Plaintiffs
CENTURY SURETY COMPANY &
EVANSTON INSURANCE COMPANY

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CENTURY SURETY COMPANY and EVANSTON INSURANCE COMPANY,<br><br>                    Plaintiffs,<br><br>      v.<br><br>UNITED SPECIALTY INSURANCE COMPANY,<br><br>                    Defendant. | Case No.:<br><br><br>**COMPLAINT FOR DECLARATORY RELIEF & CONTRIBUTION** |

COMES NOW, Plaintiff Century Surety Company ("Century Surety") and Evanston Insurance Company ("Evanston"), and in their Complaint against United Specialty Insurance Company ("United Specialty") alleges as follows:

### JURISDICTION AND VENUE

1.     This court has original diversity jurisdiction pursuant to 28 U.S.C. § 1332 in that this is a civil action between citizens of different states in which the amount in controversy exceeds $75,000, exclusive of interests and costs.

2.     Venue is proper in this District pursuant to 28 U.S.C. §1391, since the insurance policies at issue in this case were issued in this district and the underlying litigation took place within this district, and, thus, a substantial part of the events or

1

1  omissions giving rise to the claim occurred here.

2      3.      Count I of this Complaint is a claim pursuant to 28 U.S.C. § 2201 and

3  Fed. R. Civ. P. 57 for a declaratory judgment.   Century Surety and Evanston seek a

4  judgment declaring United Specialty's obligations to defend and indemnify Bonnie

5  Brae Investment Services, LLC ("Bonnie Brae") against claims asserted against it and

6  others.

7                          **THE PARTIES**

8      4.      Plaintiff Century Surety is a corporation organized and existing under the

9  laws of the State of Ohio, with its principal place of business in Michigan.  Century

10 Surety issued the insurance policies at issue in this case through a licensed surplus

11 lines broker in California.

12      5.      Plaintiff Evanston is a corporation organized and existing under the laws

13 of the State of Illinois, with its principal place of business in Illinois.  Evanston is the

14 successor by merger with Alterra Excess and Surplus Insurance Company, who

15 acquired Max Specialty Insurance Company.   Max Specialty Insurance Company

16 issued the insurance policies at issue in this case through a licensed surplus lines

17 broker in California.

18      6.      Plaintiffs are informed and believe and thereon allege that defendant

19 United Specialty is and at all relevant times was an insurance company which is not

20 admitted in California, but which is authorized to and did issue the insurance policies

21 at issue in this case through a licensed surplus lines broker in California.

22                      **GENERAL ALLEGATIONS**

23      7.      The following commercial general liability policies were issued to

24 Bonnie Brae:

| Policy Period | Party | Policy No. |
|---|---|---|
| Sept. 26, 2004 to Sept. 26, 2005 | Century Surety | CCP 321518 |
| Sept. 26, 2005 to Sept. 26, 2006 | Century Surety | CCP 383561 |
| Sept. 26, 2008 to Sept. 26, 2009 | Evanston | MAX012000000185 |
| Sept. 26, 2009 to Sept. 26, 2010 | Evanston | MAX012000000751 |

2

| Sept. 26, 2010 to June 25, 2011 | Evanston | Max 012000001226 |
|---|---|---|
| Sept. 26, 2011 to Dec. 25, 2011 | Century Surety | CP727318 |
| March 27, 2012 to March 27, 2013 | Century Surety | CCP757716 |
| March 27, 2013 to Oct. 14, 2013 | United Specialty | PG0511003387 |
| Jan. 22, 2014 to Jan. 22, 2015 | United Specialty | PG0511005990 |
| Jan. 22. 2015 to May 15, 2015 | United Specialty | PG0511009051 |
| May 15, 2015 to May 15, 2016 | Certain Underwriters at Lloyds, London ("Underwriters") | RQN140096 |

8.      Bonnie Brae and its principal/owner Ramin Akhavan were named as defendants in a lawsuit entitled *Chavez, et al. v. Bonnie Brae Investment Services, LLC, et al.* (Los Angeles Superior Court Case No. BC612376) (hereinafter the "*Chavez* action"), which was originally filed on March 26, 2016. The operative Second Amended Complaint, filed on December 21, 2016, asserted claims on behalf of 55 individual plaintiffs who alleged that they lived in an apartment building located at 729 S. Bonnie Brae Street, in Los Angeles. A true and correct copy of the *Chavez* Second Amended Complaint is attached hereto as Exhibit A (hereinafter the "*Chavez* complaint"). The *Chavez* complaint stated a variety of causes of action based on factual allegations that the defendants had failed to maintain the apartment building in a safe and habitable condition, and the defendants had wrongfully entered plaintiffs' apartments, among other claims.

9.      The *Chavez* action was tendered for a defense and indemnity to Century Surety, Evanston, United Specialty, and Underwriters. Century Surety, Evanston and Underwriters agreed to defend both Bonnie Brae and Mr. Akhavan against the *Chavez* action under reservations of rights.

10.      United Specialty also owes a duty to defend and indemnify both Bonnie Brae and Mr. Akhavan in the *Chavez* action pursuant to the terms of the policies United Specialty issued to Bonnie Brae, Policy Nos. PG0511003387, PG0511005990 and PG0511009051 (hereinafter referred to as "United Specialty Policies"). On

3

[CASE NO.:]
[COMPLAINT FOR CONTRIBUTION]

information and belief, the insuring agreements in the United Specialty Policies state
in relevant part as follows:

> **COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
> …
> **1. Insuring Agreement**.
>   a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage", caused by an "occurrence", to which this insurance applies…This insurance does not apply to "bodily injury" or "property damage" which occurs before the effective date shown in the Declarations.  The "bodily injury" or "property damage" must be caused by an "occurrence". The "occurrence" must take place during the "policy period".
>
> …
> **COVERAGE B. PERSONAL AND ADVERTISING INJURY LIABILITY**
> …
> **1. Insuring Agreement.**
>   a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal injury" or "advertising injury", caused by an "offense", to which this insurance applies….This insurance does not apply to "personal injury' or "advertising injury" which occurs before the effective date shown in the Declarations….

11.     On information and belief, the United Specialty Policies, at Section V – DEFINITIONS, set forth the following relevant definitions:

> 7. "Bodily injury" means bodily injury, sickness or disease sustained by a person during the "policy period", including death resulting from any of these at any time.
>
> …
> 27. "Occurrence" means an accident including continuous and repeated exposure to substantially the same general harmful conditions.
>
> …
> 30. "Personal injury" means injury, other than "bodily injury", arising out of one or more of the following: …
>   c. Wrongful entry into, or eviction of a person from, a room, dwelling or premises that the person occupies; …
>
> …
> 35. "Property damage" means:
>   a. Physical injury to tangible property, including all resulting loss of use of that property.  All such loss of use shall be deemed to occur at the time of the physical injury that

4

1
2
3

   caused it; or

   b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

4
5
6

   12.   On information and belief, pursuant to exclusions in United Specialty Policies, coverage for "bodily injury", "property damage" and "personal injury" does not apply to:

7
8

   a. "Bodily injury" or "property damage" expected or intended from the standpoint of any insured."

   …

9
10
11

   aa. Any "claim" or "suit" against any insured which is alleged to be ongoing and continuing in nature, if the "bodily injury" or "property damage" is alleged to have existed prior to the effective date of this policy, whether or not the cause or first manifestation of the "bodily injury" or "property damage" was known prior to the effective date of this policy.

12
13

   …

   i. "Personal injury" or "advertising injury" expected or intended from the standpoint of the insured.

14
15
16
17

   …

   n. Any "claim" against any insured which is alleged to be ongoing and continuing in nature, if the "personal injury" or "advertising injury" is alleged to have existed prior to the effective date of this policy, whether or not the cause of first manifestation of the "personal injury" or "advertising injury" was known prior to the effective date of this policy."

18
19
20
21
22
23
24

   13.   By letter dated June 28, 2016, United Specialty disclaimed any obligation to defend or indemnity Bonnie Brae or Mr. Akhavan for the claims alleged in the *Chavez* action. United Specialty based its denial on alleged conduct in the *Chavez* action that did not occur during the policy period of the United Specialty Policies. In addition, United Specialty denied coverage based on the "ongoing and continuous" and/or "expected or intended" exclusions in the United Specialty Policies.  A true and correct copy of United Specialty's June 28, 2016 denial is attached as Exhibit B.

25
26
27
28

   14.   By letters dated January 12, 2017 and March 24, 2017, Underwriters and Century Surety demanded that United Specialty participate in the defense of their mutual insureds in the *Chavez* action, but United Specialty refused. True and correct

547563.1

copies of the correspondence dated January 12, 2017 and March 24, 2017 are attached hereto as Exhibit C and D, respectively. United Specialty persisted in its denial following receipt of these letters, in a letter dated April 5, 2017, which is attached hereto as Exhibit E.

15.    To date, Century Surety, Underwriters and Max Specialty have paid approximately $53,139.63 in defense costs for Bonnie Brae and Mr. Akhavan related to the *Chavez* action. That defense is ongoing and defense costs are continuing to mount. United Specialty should have paid an equal share of these fees and costs as it had an equal obligation to provide a full defense to both Bonnie Brae and Mr. Akhavan.

16.    To the extent that Century Surety, Evanston and Underwriters become obligated to pay sums to indemnify Bonnie Brae and/or Mr. Akhavan for claims alleged in the *Chavez* action, United Specialty is responsible for an equitable share of any indemnity amount paid.

## FIRST CAUSE OF ACTION

### (Declaratory Relief)

17.    Plaintiffs incorporate herein by reference the allegations made in Paragraphs 1 through 16 above.

18.    Plaintiffs are informed and believe that the *Chavez* action was tendered to United Specialty for defense and indemnification, however, United Specialty has not contributed to the defense or indemnification of that action.

19.    Plaintiffs are informed and believe and thereon allege that the United Specialty Policies provide under Coverage A, coverage for "bodily injury" and "property damage" which occurs during the policy period, and under Coverage B coverage for "personal injury" caused by an offense which occurs during the policy period. The definition of "personal injury" includes the "[w]rongful entry into, or eviction of a person from a room, dwelling or premises that the person occupies." The

*Chavez* complaint alleges "bodily injury", "property damage" and/or "personal injury" that occurred during the United Specialty Policy periods. United Specialty therefore owes a duty to defend and indemnify both Bonnie Brae and Mr. Akhavan for the *Chavez* action.

20.    On information and belief, United Specialty disputes Plaintiffs' contention that its policies afford coverage for the claims of "bodily injury", "property damage" and "personal injury" alleged in the *Chavez* action, as set forth in its June 28, 2016 denial.

21.    An actual controversy has arisen and currently exists between Plaintiffs and United Specialty. A judicial declaration is necessary to inform the parties regarding United Specialty duties and liabilities under its policies issued to Bonnie Brae for the defense and indemnity of the *Chavez* action.

22.    The resolution of the existing controversy will prevent additional possible litigation in the future by clarifying the respective rights of the parties as to coverage under the Policies.

## SECOND CAUSE OF ACTION

(Equitable Contribution – Defense Costs)

23.    Plaintiffs incorporate herein by reference the allegations made in Paragraphs 1 through 22 above.

24.    The defense of the *Chavez* action was tendered to United Specialty. United Specialty owed a defense to both Bonnie Brae and Mr. Akhavan, but it denied the tender of defense and has not contributed an equitable share of the defense costs.

25.    Plaintiffs have provided and continue to provide a defense to Bonnie Brae and Mr. Akhavan in the *Chavez* action incurring significant fees and costs. Plaintiffs are entitled to contribution from United Specialty for an equitable share of the defense costs paid by Plaintiffs, plus interest.

## THIRD CAUSE OF ACTION

[CASE NO.:]
[COMPLAINT FOR CONTRIBUTION]

547563.1

(Equitable Contribution – Indemnity)

26.    Plaintiffs incorporate herein by reference the allegations made in Paragraphs 1 through 25 above.

27.    United Specialty has an obligation to indemnify Bonnie Brae and Mr. Akhavan with respect to the *Chavez* action under Coverages A and/or B, and to pay for Claims Expenses according to its insurance policies.

28.    United Specialty has denied all requests to participate in settlement discussions or contribute toward any settlement of the *Chavez* action.

29.    In the event Plaintiffs become obligated to indemnify Bonnie Brae and/or Mr. Akahavan for claims alleged in the *Chavez* action, by way of settlement or judgment, Plaintiffs are entitled to equitable contribution from United Specialty for any such sums paid for such settlement or judgment of the *Chavez* action, plus interest.

WHEREFORE, Plaintiffs pray for judgment as follows:

1.    On the First Cause of Action, that the Court make and enter a binding judicial declaration that United Specialty owed a duty to defend Bonnie Brae Investment Services, LLC, in the *Chavez* action;

2.    On the First Cause of Action, that the Court make and enter a binding judicial declaration that United Specialty owed a duty to defend Ramin Akhavan in the *Chavez* action;

3.    On the First Cause of Action, that the Court make and enter a binding judicial declaration that United Specialty owes a duty to indemnify Bonnie Brae Investment Services, LLC, in the *Chavez* action;

4.    On the First Cause of Action, that the Court make and enter a binding judicial declaration that United Specialty owes a duty to indemnify Ramin Akhavan in the *Chavez* action;

5.    On the First Cause of Action, that the Court make and enter a binding

8

[CASE NO.:]
[COMPLAINT FOR CONTRIBUTION]

judicial declaration that United Specialty has an obligation to pay Claims Expenses in the *Chavez* action;

6.    On the Second Cause of Action, for judgment against United Specialty in an amount to be proven at trial for reimbursement to Plaintiffs for United Specialty's equitable share of the defense costs paid by Plaintiffs for the defense of Bonnie Brae Investment Services, LLC, and Ramin Akhavan in the *Chavez* action;

7.    On the Third Cause of Action, for judgment against United Specialty in an amount to be proven at trial for reimbursement to Plaintiffs for United Specialty's equitable share of any settlement paid by Plaintiffs in the *Chavez* action.

8.    For prejudgment interest;

9.    For such other and further relief as the Court deems just and proper.

DATED:  September 7, 2017            WOOLLS PEER DOLLINGER & SCHER
                                     A Professional Corporation


                                         /s/ Lisa Darling-Alderton
                                     LISA DARLING-ALDERTON
                                     Attorneys for Plaintiffs
                                     CENTURY SURETY COMPANY &
                                     MAX SPECIALTY INSURANCE
                                     COMPANY

547563.1