UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:17-cv-06589-CAS(RAOx) | Date | April 24, 2018 |
| Title | CENTURY SURETY CO., ET AL. V. UNITED SPECIALTY INS. CO. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:        Attorneys Present for Defendants:

Not Present                                          Not Present

**Proceedings:** (IN CHAMBERS) - PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT (Dkt. 23, filed January 29, 2018)

## I. INTRODUCTION

On September 7, 2017, plaintiffs Century Surety Company ("Century Surety") and Evanston Insurance Company ("Evanston") filed this insurance-coverage action against defendant United Specialty Insurance Company ("USIC"). Dkt. 1 ("Compl."). Plaintiffs contend that USIC owes a duty to defend and indemnify its insured, Bonnie Brae Investment Services, LLC ("Bonnie Brae"), against an underlying landlord–tenant action. In brief, plaintiffs allege that Century Surety, Evanston, USIC, and Certain Underwriters at Lloyds, London ("Lloyds") issued consecutive commercial general liability ("CGL") policies to Bonnie Brae. After Bonnie Brae and its principal Ramin Akhavan ("Akhavan") were named as defendants in Amando Chavez, et al. v. Bonnie Brae Investment Services, LLC, et al., Los Angeles Superior Court Case No. BC612376, Century Surety, Evanston and Lloyds agreed to defend both Bonnie Brae and Akhavan under reservation of rights, but USIC denied coverage and has declined to participate in the defense. Plaintiffs assert claims for (1) declaratory relief, (2) equitable contribution to defense costs, and (3) equitable contribution to indemnification costs.

On January 29, 2018, plaintiffs filed the instant motion for partial summary judgment seeking (1) a declaratory ruling that USIC owes a duty to defend Bonnie Brae and Akhavan against the Chavez action, (2) equitable contribution to defense costs invoiced on or before January 1, 2018, and (3) equitable contribution on a prospective basis until the termination of USIC's duty to defend. Dkt. 23 ("Mot."). On February 26, 2018, USIC filed an opposition, dkt. 29 ("Opp'n"); and plaintiffs filed a reply on March 5, 2018, dkt. 33 ("Reply"). The Court held a hearing on March 12, 2018 and granted USIC's request to file supplemental briefing regarding a newly asserted affirmative defense based on misstatements and omissions in Bonnie Brae's insurance applications.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**        **'O'**

| Case No. | 2:17-cv-06589-CAS(RAOx) | Date | April 24, 2018 |
|---|---|---|---|
| Title | CENTURY SURETY CO., ET AL. V. UNITED SPECIALTY INS. CO. | | |

On March 19, 2018, USIC filed a surreply, dkt. 35 ("Surreply"); and plaintiffs filed a rebuttal on March 22, 2018, dkt. 36 ("Rebuttal"). Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II. BACKGROUND

USIC insured Bonnie Brae under three separate CGL policies: PGO511003387, PGO511005990, and PGO511009051 (collectively, the "policies"). See dkt. 23-3, Declaration of Lisa Darling-Alderton ("Darling-Alderton Decl.") ¶ 9, Exs. 18–20. The effective dates of the policies are: March 27, 2013 to March 27, 2014; January 22, 2014 to January 2, 2015; and January 22, 2015 to January 22, 2016 (collectively, the "policy period"). Id. The policies apply to "bodily injury", "property damage" and "personal injury" arising out of the "ownership, maintenance or use of the premises" located at 729 South Bonnie Brae Street, Los Angeles, CA 90057. Id.

### A. The Terms of the USIC Policies

All three policies include the same language regarding coverage, exclusions, and definitions printed on a standard form entitled Commercial General Liability Coverage Part ("CGLCP"). Id. Section I of the form sets forth the provisions of Coverages A and B. Coverage A pertains to liability for bodily injury and property damage. See CGLCP § I.A. Coverage B pertains to liability for personal and advertising injury. Id. § I.B.

Coverage A provides that USIC agrees to "pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage', caused by an 'occurrence', to which this insurance applies." Id. § I.A.1.a. "The 'bodily injury' or 'property damage' must be caused by an 'occurrence'. The 'occurrence' must take place during the 'policy period'." Id. USIC has "no duty to defend the insured against any 'suit' seeking damages for 'bodily injury' or 'property damage' to which this insurance does not apply." Id. § I.A.1.a.(4). Coverage A includes two relevant exclusions. First, the policy does not apply to " '[b]odily injury' or 'property damage' expected or intended from the standpoint of any insured." Id. § I.A.2.a. Second, the policy excludes:

> Any "claim" or "suit" against any insured which is alleged to be ongoing and continuing in nature, if the "bodily injury" or "property damage" is alleged to have existed prior to the effective date of this policy, whether or not the cause or first manifestation of the "bodily injury" or "property damage" was known prior to the effective date of this policy.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**      **'O'**

| Case No. | 2:17-cv-06589-CAS(RAOx) | Date | April 24, 2018 |
|---|---|---|---|
| Title | CENTURY SURETY CO., ET AL. V. UNITED SPECIALTY INS. CO. | | |

Id. § I.A.2.aa. Coverage B similarly provides that USIC agrees to "pay those sums that the insured becomes legally obligated to pay as damages because of 'personal injury' or 'advertising injury', caused by an 'offense', to which this insurance applies." Id. § I.B.1.a. "The 'personal injury' or 'advertising injury' must be caused by an 'offense'. The 'offense' must be committed during the 'policy period'." Id. USIC has "no duty to defend the insured against any 'suit' seeking damages for 'personal injury' or 'advertising injury' to which this insurance does not apply." Id. § I.B.1.a.(4). Coverage B includes the same two relevant exclusions as Coverage A. Id. §§ I.B.2.i. & n.

Section V includes several relevant definitions. "Accidental" means "unexpected or unintended." Id. § V.1. "Bodily injury" means "bodily injury, sickness or disease sustained by a person during the 'policy period', including death resulting from any of these at any time." Id. § V.7. "Occurrence" means "an accident including continuous or repeated exposure to substantially the same general harmful conditions." Id. § V.27. "Offense" means "the conduct set forth in the definitions of 'advertising injury' and 'personal injury', but only when the resulting injury is 'accidental'." Id. § V.28. "Personal injury" means "injury, other than 'bodily injury', arising out of," among other things, "[w]rongful entry into, or eviction of a person from, a room, dwelling or premises that the person occupies." Id. § V.30.c. "Property damage" means "[p]hysical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it;" or "[l]oss of use of tangible property that is not physically injured. All such loss shall be deemed to occur at the time of the 'occurrence' that caused it." Id. § V.35.

### B. The Chavez Action

On March 2, 2016, tenants at the insured premises, 729 South Bonnie Brae Street, filed a lawsuit against the owners of the apartment building, Bonnie Brae and Akhavan. See Amando Chavez, et al. v. Bonnie Brae Investment Services, LLC, et al., Los Angeles Superior Court Case No. BC612376.

The First Amended Complaint was filed on May 25, 2016 on behalf of 51 tenants seeking redress for "slum conditions" at the building, including "uninhabitable units" and a "lack of security." Dkt. 23-1, Declaration of Lisa Henderson ("Henderson Decl.") ¶ 4, Ex. 2 ("FAC").[1] The FAC alleges that the building was placed in the Los Angeles Rent

---

[1] The Court grants plaintiffs' request for judicial notice of the complaints in the Chavez action. See dkt. 23-14; Trigueros v. Adams, 658 F.3d 983, 987 (9th Cir. 2011)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:17-cv-06589-CAS(RAOx) | Date | April 24, 2018 |
| Title | CENTURY SURETY CO., ET AL. V. UNITED SPECIALTY INS. CO. | | |

Escrow Account Program in April 2010 and again in October 2014 as a result of housing code violations that have been "rampant since at least 2006." Id. "Consistent deferrals of maintenance" allegedly resulted in faulty electrical wiring and plumbing, a lack of hot water, insect and rodent infestations, and other unsanitary living conditions. Id. Tenants were also allegedly exposed to "open and dangerous criminal activity" in the building. Id. The FAC alleges the defendants have allowed these "unsanitary and unsafe conditions to exist . . . from at least 2006" resulting in numerous citations by city and county agencies. Id. ¶ 4. Defendants allegedly "have had actual and constructive knowledge" of these conditions due to multiple citations and tenant complaints, but "deliberately and intentionally failed and refused to take necessary corrective measures." Id. ¶ 7.

The FAC alleges a variety of bodily injuries including "bug bites, asthma and other respiratory problems, allergies, rashes, hives, frequent colds, nausea and vomiting; nosebleeds and headaches." Id. ¶ 89. It alleges tenants have claims of personal property damage, explaining the tenants "have had to throw out microwaves, dressers, refrigerators, hot plates, and food" due to rodent and insect infestations. Id. ¶ 85. The FAC alleges the tenants have been threatened with eviction by the on-site manager for making complaints to management and city or county agencies. Id. ¶ 158. The FAC further alleges that defendants or their agents "invade" the tenants' privacy by entering their "units without knocking, providing notice, or obtaining . . . consent." Id. ¶ 199. A Second Amended Complaint was filed on December 21, 2016, which added an additional four tenants. Henderson Decl. ¶ 10, Ex. 7 ("SAC"). The SAC continues to allege the tenants suffered property damage and bodily injuries due to the conditions of the building, id. ¶¶ 90–95; the tenants had been threatened with eviction, id. ¶169; and defendants had entered the tenants' units without notice or consent, id. ¶ 210.

The FAC alleges the following claims for relief: (1) negligence; (2) breach of implied warranty of habitability; (3) premises liability; (4) violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 et seq.; (5) negligent failure to provide habitable premises; (6) breach of the covenant of quiet enjoyment; (7) intentional infliction of emotional distress; (8) nuisance; (9) collection of rent on untenantable dwellings; (10) invasion of privacy; (11) negligence (related to security after March 2016); (12) strict liability; (13) strict statutory liability pursuant to Cal. Civ.

---

(judicial notice may be taken of documents and pleadings filed in any federal or state court proceeding).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:17-cv-06589-CAS(RAOx) | Date | April 24, 2018 |
| Title | CENTURY SURETY CO., ET AL. V. UNITED SPECIALTY INS. CO. | | |

Code § 3342; and (14) illegal rent increases. The SAC added two additional claims: (1) violation of the Unruh Act, Cal. Civ. Code § 51 et seq.; and (2) violation of the California Fair Housing and Employment Act, Cal. Gov. Code §§ 12900 et seq.

### C. Tenders and Responses

On May 12, 2016, USIC, by and through its then claims administrator, ProPoint Claim Services, LLC ("ProPoint"), denied coverage for Bonnie Brae in the Chavez action on the basis that none of the claims were "accidental," caused by an "occurrence" or an "offense" within the meaning of the policies, and that the alleged claims existed prior to the effective date of the policies. Dkt. 29-1, Declaration of Michael T. Wendt ("Wendt Decl.") ¶ 4, Ex. A. After reviewing the FAC, USIC, through ProPoint, again denied coverage on June 28, 2016. Id. ¶ 5, Ex. B. USIC later determined, through ProPoint, that the SAC did not raise any new or different allegations that would or could trigger coverage under the policies. Id. ¶ 6.

Century Surety first received notice of the Chavez action in September 2016 when it received a copy of the FAC. Henderson Decl. ¶ 4. Lloyds had already agreed to defend Bonnie Brae and Akhavan in the Chavez action, and had retained the firm Bennett, Samuelsen, Reynolds, Allard, Cowperthwaite & Gelini ("Bennett, Samuelsen") as defense counsel to represent both insureds. Id. ¶¶ 4–5. Century Surety agreed to defend Bonnie Brae and Akhavan under reservations of rights and to share defense expenses with Lloyds. Id. ¶¶ 8–9, 11. Century Surety tendered the Chavez action to Markel, the claim handler for Evanston. Id. ¶ 6; dkt. 23-2, Declaration of Michael Sims ("Sims Decl.") ¶¶ 5–6. Evanston also agreed to participate in the defense of both insureds under a reservation of rights and to share defense expenses.[2] Id.

### D. Defense Costs

Century Surety, Evanston and Lloyds have been sharing the defense costs for the Chavez action through the firm Bennett, Sameulson since October 2016. Henderson Decl. ¶¶ 4–9, 14; Sims Decl. ¶¶ 5–7. Century Surety is also providing independent counsel to the insureds via attorney Benjamin Kiss. Henderson Decl. ¶¶ 9, 13–14. As of

---

[2] USIC filed evidentiary objections to the above-mentioned statements in the Henderson and Sims declarations for lack of relevance pursuant to Rules 401 and 402 of the Federal Rules of Evidence. See Dkt. 30. The Court finds these statements relevant to plaintiffs' claim for equitable contribution, and accordingly USIC's objections are **OVERRULED**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:17-cv-06589-CAS(RAOx) | Date | April 24, 2018 |
| Title | CENTURY SURETY CO., ET AL. V. UNITED SPECIALTY INS. CO. | | |

January 29, 2018, Century Surety has incurred a total of $76,561.35 and Evanston has incurred a total of $62,924.29 in the defense of the Chavez action. Henderson Decl. ¶ 14; Sims Decl. ¶ 7. Century Surety and Evanston are continuing to incur additional defense costs. Henderson Decl. ¶ 15; Sims Decl. ¶ 8.

### III. LEGAL STANDARD

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of identifying relevant portions of the record that demonstrate the absence of a fact or facts necessary for one or more essential elements of each claim upon which the moving party seeks judgment. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

If the moving party meets its initial burden, the opposing party must then set out specific facts showing a genuine issue for trial in order to defeat the motion. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); see also Fed. R. Civ. P. 56(c), (e). The nonmoving party must not simply rely on the pleadings and must do more than make "conclusory allegations [in] an affidavit." Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990); see also Celotex, 477 U.S. at 324. Summary judgment must be granted for the moving party if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322; see also Abromson v. Am. Pac. Corp., 114 F.3d 898, 902 (9th Cir. 1997).

In light of the facts presented by the nonmoving party, along with any undisputed facts, the Court must decide whether the moving party is entitled to judgment as a matter of law. See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 631 & n.3 (9th Cir. 1987). When deciding a motion for summary judgment, "the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citation omitted); Valley Nat'l Bank of Ariz. v. A.E. Rouse & Co., 121 F.3d 1332, 1335 (9th Cir. 1997). Summary judgment for the moving party is proper when a rational trier of fact would not be able to find for the nonmoving party on the claims at issue. See Matsushita, 475 U.S. at 587.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:17-cv-06589-CAS(RAOx) | Date | April 24, 2018 |
| Title | CENTURY SURETY CO., ET AL. V. UNITED SPECIALTY INS. CO. | | |

## IV. DISCUSSION

In moving for partial summary judgment, plaintiffs contend that no triable issue of material fact exists and they are entitled to adjudication of the following issues as a matter of law: (1) on the first claim for declaratory relief, USIC owes a duty to defend its insureds Bonnie Brae and Akhavan against the Chavez action; (2) on the second claim for equitable contribution, USIC owes reimbursement to plaintiffs for an equitable share of all defense expenses invoiced on or before January 1, 2018 for the defense of the insureds in the amount of $54,369.82; and (3) on the second claim for equitable contribution, USIC is obligated to pay on a going forward basis an equal share of all defense expenses incurred or invoiced to the defending carriers for the defense of the insureds from January 1, 2018 until termination of USIC's duty to defend by settlement or final judgment. Mot. at 2.

### A. Duty to Defend

An insurer "faces an uphill battle from the beginning because the duty to defend in California is extensive." Hudson Ins. Co. v. Colony Ins. Co., 624 F.3d 1264, 1267 (9th Cir. 2010). Under California law, "a liability insurer owes a broad duty to defend its insured against claims that create a potential for indemnity. . . . [T]he carrier must defend a suit which *potentially* seeks damages within the coverage of the policy." Montrose Chem. Corp. v. Superior Court, 6 Cal.4th 287, 299 (1993) (emphasis in original) (citation omitted). Thus, a defense is excused only when "the third party complaint can *by no conceivable theory raise a single issue* which could bring it within the policy coverage." Id. at 295 (emphasis in original). "To determine whether the insurer owes a duty to defend, the court must compare the allegations of the underlying complaint with the terms of the policy." Reese v. Travelers Ins. Co., 129 F.3d 1056, 1060 (9th Cir. 1997) (citing Montrose, 6 Cal.4th at 295). Any ambiguity in the insurance policy, including in the exclusions, must be resolved in favor of finding coverage; and "[a]ny doubt as to whether the facts establish the existence of the defense duty must be resolved in the insured's favor." Montrose, 6 Cal.4th at 299–300.

As the party moving for summary judgment on the issue of coverage, plaintiffs must make a *prima facie* showing that there is potential coverage for the underlying action within the terms of the policy. See Anthem Elec., Inc. v. Pacific Employers Ins. Co., 302 F.3d 1049, 1055 (9th Cir. 2002). "Once a *prima facie* showing is made that the underlying action fell within coverage provisions, an insurer may defeat a motion for summary judgment only by producing undisputed extrinsic evidence conclusively

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:17-cv-06589-CAS(RAOx) | Date | April 24, 2018 |
| Title | CENTURY SURETY CO., ET AL. V. UNITED SPECIALTY INS. CO. | | |

eliminating the potential for coverage under the policy." Id. (citing Maryland Cas. Co. v. National American Ins. Co. of Cal., 48 Cal. App. 4th 1822, 1832 (1996)). "Merely raising a triable issue of material fact will not defeat summary judgment in this instance." PMA Capital Ins. Co. v. Am. Safety Indem. Co., 695 F. Supp. 2d 1124, 1125 (E.D. Cal. 2010). Rather, the insurer must "conclusively . . . negate coverage as a matter of law." Anthem, 302 F.3d at 1060. "Any doubt as to whether the facts give rise to a duty to defend is resolved in the insured's favor." Horace Mann Ins. Co. v. Barbara B., 4 Cal. 4th 1076, 108 1(1993).

### 1. There Is Potential Coverage under the Policies

Plaintiffs contend that the allegations in the Chavez complaints fall within the coverage provided by the USIC policies under both Coverages A and B. Mot. at 11–16. Pursuant to Coverage A of its policies, USIC agreed to pay those sums the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" caused by an "occurrence" that takes place during the policy period. CGLCP § I.A.1.a. Pursuant to Coverage B, USIC agreed to pay those sums the insured becomes legally obligated to pay as damages because of "personal injury" caused by an "offense" during the policy period. Id. § I.B.1.a.

USIC does not dispute that the Chavez complaints allege facts demonstrating the tenants suffered "bodily injury," "property damage," and "personal injury" as defined in the policies. The complaints allege tenants suffered from "bug bites, asthma and other respiratory problems, allergies, rashes, hives, frequent colds, nausea and vomiting; nosebleeds and headaches," FAC ¶ 89; SAC ¶ 94, which clearly constitutes "bodily injury, sickness or disease," CGLCP § V.7. The complaints also allege "[p]hysical injury to tangible property, including all resulting loss of use of that property," id. § V.35, in that tenants had to "throw out microwaves, dressers, refrigerators, hot plates, and food" due to an infestation of rodents and insects. FAC ¶ 85; SAC ¶ 90. Finally, the definition of "personal injury" includes "[w]rongful entry into . . . a room, dwelling or premises that the person occupies." CGLCP § V.30.c. The complaints allege the insureds or their agents invaded the tenants' privacy by "entering [their] units without knocking, providing notice, or obtaining [their] consent." FAC ¶ 199; SAC ¶ 210.

However, USIC maintains there is no potential coverage because (1) the Chavez complaints allege intentional, non-accidental conduct that is not covered under the policies; and (2) coverage was not triggered because the relevant "occurrence", "claim"

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:17-cv-06589-CAS(RAOx) | Date | April 24, 2018 |
| Title | CENTURY SURETY CO., ET AL. V. UNITED SPECIALTY INS. CO. | | |

and "suit" predated the policy period. Opp'n at 11–19. The Court addresses these arguments in turn.

### a. Underlying Factual Dispute Shows Potential Coverage

Plaintiffs indicate that the Chavez complaints make allegations of both negligent and intentional conduct. Mot. at 13. While the Chavez tenants "make factual allegations of intentional conduct, they can prevail against the insureds" on most of their claims (e.g., negligence, breach of the implied warranty of habitability) "without establishing any intentional conduct." Id. Plaintiffs therefore argue that "there is a factual dispute . . . as to whether the insureds acted intentionally or negligently." Id. It is well-established that when "coverage depends on an unresolved dispute over a *factual* question, the very existence of that dispute would establish a possibility of coverage and thus a duty to defend." Mirpad, LLC v. California Ins. Guarantee Assn., 132 Cal. App. 4th 1058, 1068 (2005) (emphasis in original) (citing Horace Mann, 4 Cal.4th at 1083).

USIC notes that the policies' definitions of "accident" and "accidental" are consistent with California authorities providing that "an 'accident' requires unintentional acts or conduct," ACS Systems, Inc. v. St. Paul Fire & Marine Insurance Co., 147 Cal. App. 4th 137 (2007). Opp'n at 11. USIC argues that notwithstanding the tenants' use of the "negligence" label, there are no factual allegations in the Chavez complaints showing that the insureds' "acts or omissions were accidental, unintended, or unexpected." Opp'n at 14. USIC points to allegations throughout the FAC that the insureds had "actual and constructive knowledge" of the conditions in the building due to government notices of code violations but "deliberately and intentionally failed and refused to take corrective measures." FAC ¶¶ 6, 7, 10, 72–88. USIC argues that the non-accidental nature of the allegations is further evidenced by two prior actions against the insured containing similar claims and allegations: Desideria Xec, et al. v. Bonnie Brae Investment Services, LLC, et al., Los Angeles Superior Court Case No. BC495355 (filed November 7, 2012) and Julio Geronimo, et al. v. Bonnie Brae Investment Services, LLC, et al., Los Angeles Superior Court Case No. BC550645 (filed July 7, 2014).[3] Wendt Decl. ¶¶ 8–9, Exs. C & D.

---

[3] The Court grants USIC's request for judicial notice of the complaints filed in the Xec and Geronimo actions. See dkt. 32; Trigueros, 658 F.3d at 987.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:17-cv-06589-CAS(RAOx) | Date | April 24, 2018 |
| Title | CENTURY SURETY CO., ET AL. V. UNITED SPECIALTY INS. CO. | | |

Although the Chavez complaints allege intentional conduct, and the Xec and Geronimo actions lend support to this allegation, the Court nevertheless finds that coverage depends on the unresolved factual issue of whether at least some part of the insureds' injury-producing conduct was intentional or rather accidental. Once the facts and evidence are more fully developed in the underlying action, plaintiffs may be able to establish a lack of actual coverage for the purpose of the duty to indemnify. However, until that time, California law is clear that where coverage depends on this type of unresolved factual issue, the "bare 'potential' or 'possibility' of coverage" triggers the duty to defend; it need not be shown that coverage is likely or even "reasonably" likely. Montrose, 6 Cal.4th at 299–300. As Justice Croskey notes, "[a]n insurer cannot avoid its duty to defend based on a coverage defense that depends on facts in dispute in the underlying lawsuit (e.g., when the complaint alleges that the insured engaged in particular conduct and the issue is whether that conduct was intentional (excluded) or negligent (covered))." Hon. H. Walter Croskey, et al., California Practice Guide: Insurance Litigation ¶ 7:524 (The Rutter Group 2017).

### b.    Coverage Was Triggered During the Policy Period

Plaintiffs indicate that the Chavez complaints set forth the dates of residency for each tenant, the majority of whom allege that they have lived in the building at some point during the policy period. Mot. at 12; see FAC ¶¶ 11–61; SAC ¶¶ 11–65. Because the tenants seek to recover damages "[d]uring their residence in the Building," see FAC ¶¶ 105–87; SAC ¶¶ 116–98, plaintiffs maintain the complaints clearly allege that the previously discussed injuries and property damage occurred during the policy period and therefore triggered coverage. Mot. at 12; Reply at 6.

However, USIC contends that the relevant "occurrence", "claim" and "suit" within the meaning of the policies predate the policy period and therefore coverage was never triggered. Opp'n at 14. The policies define "occurrence" as "an accident including continuous or repeated exposure to substantially the same general harmful conditions." CGLCP § V.27. The policies also contain a "continuous injury exclusion" providing that there is no coverage with respect to "any 'claim' or 'suit' against any insured which is alleged to be ongoing and continuing in nature, if the 'bodily injury' or 'property damage' [or 'personal injury'] is alleged to have existed prior to the effective date of this policy." Id. §§ I.A.2.aa., B.2.n. USIC argues that because the Chavez complaints allege an "uninterrupted course of conduct," dating back to at least 2006, the relevant "occurrence", "claim" and "suit" predated the policy period. Opp'n at 15–18. The Court finds this argument unavailing for two reasons.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:17-cv-06589-CAS(RAOx) | Date | April 24, 2018 |
| Title | CENTURY SURETY CO., ET AL. V. UNITED SPECIALTY INS. CO. | | |

First, relying on a line of cases that involve the "per occurrence" limitation of liability for a covered injury, USIC argues that the term "occurrence" should be interpreted to "mean the underlying cause of the injury, rather than the injury or claim itself." Opp'n at 15 (quoting FMC Corp. v. Plaisted & Cos. 61 Cal. App. 4th 1132, 1161 (1998), abrogated on other grounds in California v. Continental Ins. Co., 55 Cal.4th 186, 201 (2012)). However, this causal definition of "occurrence"—and USIC's reliance on authorities involving policy limits—has been specifically rejected where, as here, the issue is "whether there was a covered injury within the policy period." See Whittaker Corp. v. Allianz Underwriters, Inc., 11 Cal. App. 4th 1236, 1241 (1992). California "courts have repeatedly confronted" identical policy language defining "occurrence" and have consistently found that "the time of occurrence of an accident within the meaning of an insurance policy is the time the complaining party was damaged, not the time the wrongful act was committed." Pennsylvania Gen. Ins. Co. v. Am. Safety Indem. Co., 185 Cal. App. 4th 1515, 1526 (2010) (collecting cases). Accordingly, in determining whether the "occurrence" took place during the policy period, the Court looks to when the tenants suffered injury, not the timing of the events or conditions causing the injury. USIC's assertion that the relevant "occurrence" took place in 2006 is therefore without merit.

Second, the Court is not persuaded that the continuous injury exclusion eliminates all potential for coverage in this case. As previously noted, this provision excludes "any 'claim' or 'suit' against any insured which is alleged to be ongoing and continuing in nature, if the 'bodily injury' or 'property damage' [or 'personal injury'] is alleged to have existed prior to the effective date of this policy." CGLCP §§ I.A.2.aa., B.2.n. The Chavez action does allege "[c]onsistent deferrals of maintenance . . . since at least 2006," SAC ¶ 1, and therefore arguably the "claim" or "suit" is "ongoing and continuing in nature," CGLCP §§ I.A.2.aa., B.2.n. However, not all of the alleged bodily injury, property damage, and personal injury suffered by the tenants "is alleged to have existed prior to the effective date of this policy," that is, March 27, 2013 in the case of the first consecutive policy. Id. On the contrary, the action involves 55 individual tenants joined in a single lawsuit who have lived in the apartment building during different time periods. See SAC ¶¶ 11–65. Many of these tenants allege that they first moved into the building after the effective date of USIC's first consecutive policy, and accordingly suffered bodily injury, property damage, and personal injury for the first time during the policy period. While the continuous injury exclusion may apply to some tenants who have lived in the building and therefore suffered continuous injury prior to the policy period, USIC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:17-cv-06589-CAS(RAOx) | Date | April 24, 2018 |
| Title | CENTURY SURETY CO., ET AL. V. UNITED SPECIALTY INS. CO. | | |

cannot employ this exclusion to negate coverage with respect to all plaintiffs in the Chavez action.

For these reasons, the Court finds that plaintiffs have satisfied their *prima facie* burden of showing potential coverage for the Chavez action under the policies.

### 2. USIC Fails to Negate Potential Coverage as a Matter of Law

Because plaintiffs have established a *prima facie* case, USIC may avoid summary judgment only by producing extrinsic evidence that conclusively negates all potential coverage as a matter of law. See Anthem, 302 F.3d at 1060. For the first time in opposition to the instant motion for partial summary judgment, USIC seeks to assert affirmative defenses of rescission and misrepresentation based on Bonnie Brae's alleged failure to disclose its prior claims history when applying for two of the relevant policies. Opp'n at 19–20; Surreply.

"When a policyholder conceals or misrepresents a material fact on an insurance application, the insurer is entitled to rescind the policy." LA Sound USA, Inc. v. St. Paul Fire & Marine Ins. Co., 156 Cal. App. 4th 1259, 1266 (2007). The insurer must provide prompt notice of rescission to the insured and return or tender the return of any premiums received. See Cal. Civ. Code § 1691; Cal. Ins. Code §§ 8, 38. Although an insurer must generally seek declaratory relief to enforce rescission prior to the commencement of an action on the contract, rescission may also be asserted as an affirmative defense. See Resure, Inc. v. Superior Court, 42 Cal. App. 4th 156, 166 (1996). "Where grounds for rescission exist and the insurer properly exercises its right to rescind, the insured's contract rights are extinguished *ab initio*." Atmel Corp. v. St. Paul Fire & Marine, 426 F. Supp. 2d 1039, 1044 (N.D. Cal. 2005). Accordingly, "a liability insurer who *properly* rescinds has no duty to defend claims against the insured." Croskey, et al., Insurance Litigation ¶ 5:147.5 (emphasis in original). Moreover, rescission is not the exclusive remedy for misstatements or omissions in an insurance application; the insurer may assert misrepresentation as a defense to a claim or as grounds to reform the policy to exclude coverage for certain matters. Id. ¶ 5:153 (citing Williamson & Vollmer Eng'g, Inc. v. Sequoia Ins. Co., 64 Cal. App. 3d 261, 275 (1976) and LA Sound, 156 Cal. App. 4th at 1268)).

USIC indicates that the policies contain a Breach of Representations and Warranties Endorsement, which required Bonnie Brae to provide complete and accurate information in its insurance applications. Surreply at 1; see Darling-Alderton Decl. ¶ 9, Exs. 18–20. These provisions provide that an insured who fails to provide such

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:17-cv-06589-CAS(RAOx) | Date | April 24, 2018 |
| Title | CENTURY SURETY CO., ET AL. V. UNITED SPECIALTY INS. CO. | | |

information "shall be deemed to have breached this insurance policy" and, in addition, a "breach of any of the following representations and warranties will result in this policy not applying to any 'claim' or 'suit' brought hereunder." Id. USIC contends that Bonnie Brae failed to disclose its loss history, prior claims, and ongoing complaints regarding the building. Opp'n at 19–20. Specifically, Bonnie Brae failed to disclose the Xec action in its applications submitted on March 11, 2013 and January 22, 2014. Bonnie Brae also allegedly misrepresented that there were no uncorrected fire code violations and crimes at the premises within the last three years. See Wendt Decl., ¶¶ 12–13, Exs. F & G. USIC maintains that these misstatements and omissions violate the terms of the Representations and Warranties Endorsement, thereby permitting USIC to both deny coverage and rescind the policies. Opp'n at 20; Surreply at 2–3.

Plaintiffs contend USIC has failed to carry its burden of establishing that these late-asserted defenses completely eliminate all potential coverage as a matter of law. Reply at 11–15; Rebuttal at 2–5. First, plaintiffs argue USIC has failed to prove that the information provided by Bonnie Brae in the March 11, 2013 application was false. Reply at 14. This is because Bonnie Brae did not file an answer in the Xec action until April 5, 2013—after the March 11, 2013 application was submitted and after the first policy was issued on March 27, 2013. Id. at 13–14; see Wendt Decl. ¶¶ 3, 13, Exs. F & G; dkt. 33-3 Supplemental Declaration of Lisa Darling-Alderton ¶¶ 7–8, Exs. 33–34. Accordingly, plaintiffs assert USIC has not demonstrated that Bonnie Brae was aware of the Xec action as of the date the application was signed and therefore cannot show that any misrepresentations were made before USIC issued the first policy. Reply at 3–4; Rebuttal at 3. USIC does not address this argument in its surreply, but rather merely asserts that it has "proved a falsity in the insurance application." Surreply at 5. Plaintiffs maintain that USIC has no defense to coverage under its first policy.

Plaintiffs concede that based on the limited underwriting materials available, it appears that Bonnie Brae failed to disclose the Xec action in later applications. Reply at 14. Nevertheless, plaintiffs argue that USIC cannot meet its burden of proof even with respect to the subsequent policies. Plaintiffs argue USIC has not established that the failure to disclose the Xec action was a material omission. Rebuttal at 4. To justify rescission by the insurer, the insured's representation must be "false in a material part." Cal. Ins. Code § 359. Materiality "is a *subjective* test; the critical question is the effect truthful answers would have had on [USIC] not on some 'average reasonable' insurer." Imperial Cas. & Indem. Co. v. Sogomonian, 198 Cal. App. 3d 169, 181 (1988). The test is "whether the information would have caused the underwriter to reject the application, charge a higher premium, or amend the policy terms, had the underwriter known the true

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:17-cv-06589-CAS(RAOx) | Date | April 24, 2018 |
| Title | CENTURY SURETY CO., ET AL. V. UNITED SPECIALTY INS. CO. | | |

facts." Mitchell v. United Nat. Ins. Co., 127 Cal. App. 4th 457, 474 (2005).[4] Plaintiffs indicate that USIC issued its third policy on January 22, 2015 after having notice of the Xec action: Bonnie Brae tendered the Xec action on July 28, 2014; and USIC issued a denial letter on August 19, 2014. Reply at 14; see Wendt Decl., ¶ 3; dkt. 33-4, Declaration of Russell S. Wollman ("Wollman Decl.") ¶¶ 3–4, Exs. 27–28. Plaintiffs argue because USIC did not present any testimony as to what action its underwriters would have taken had the Xec action been disclosed, USIC cannot establish that the omission was material to its underwriting decision. Rebuttal at 4.

Finally, even if USIC could establish a material misrepresentation, plaintiffs contend that USIC has waived its right to rescind the policies. Reply at 15; Rebuttal at 4–5. "Generally, in the insurance context, waiver requires the intentional relinquishment of a known right." Colony Ins. Co. v. Crusader Ins. Co., 188 Cal. App. 4th 743, 753 (2010) (citations omitted). However, "[w]aiver may also apply where a party acts in a manner inconsistent with the intent to enforce a right." Id.; see also Intel Corp. v. Hartford Acc. & Indem. Co., 952 F.2d 1551, 1559 (9th Cir. 1991). In addition, "[w]here an insurer has 'before it information that plainly indicate[s] that the insured's statements [are] not true,' it has a 'duty of further inquiry' to determine the 'pertinent facts.'" Star Ins. Co. v. Sunwest Metals, Inc., 691 Fed. App'x 358, 360–61 (9th Cir. 2017) (quoting Rutherford v. Prudential Ins. Co. of Am., 234 Cal. App. 2d 719, 732–33 (1965)). This includes a duty to investigate "information which if pursued with reasonable diligence" would reveal misrepresentations. DuBeck v. Cal. Physicians' Serv., 234 Cal. App. 4th 1254, 1267 (2015) (internal quotation marks omitted). Plaintiffs argue that USIC had notice of facts that may have entitled it to rescind the policies as far back as July 28, 2014, when the Xec action was tendered. Rebuttal at 4. USIC had this information prior to the tender of the Geronimo and Chavez actions, but nevertheless participated in the defense of the Geronimo action, and its denial letters with respect to the Chavez action never raised the alleged defense to coverage. Id. at 4; see Wendt Decl. ¶¶ 4–5, Exs. A & B; Darling-Alderton Decl. ¶ 9, Exs. 21–26; dkt. 33-1, Supplemental Declaration of Lisa Henderson ¶¶ 10–12, Exs. 29–31. Plaintiffs maintain that USIC's inaction since it received notice of

---

[4] There is a split of authority regarding "whether the insured's answers to questions in the insurance application must be regarded as material as a matter of law, or whether their materiality is a question of fact in each case." Mitchell, 127 Cal. App. 4th at 474 (citing Croskey, et al., Insurance Litigation ¶ 5:208).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | **'O'** |
|---|---|---|---|
| Case No. | 2:17-cv-06589-CAS(RAOx) | Date | April 24, 2018 |
| Title | CENTURY SURETY CO., ET AL. V. UNITED SPECIALTY INS. CO. | | |

the Xec action in 2014 does not support allowing it to rescind or avoid coverage at this late date. Rebuttal at 5.

USIC asserts that plaintiffs' allegations regarding its knowledge of the Xec action are "completely unsubstantiated" and contends that plaintiffs have not met their burden to refute the asserted defenses. Surreply at 5. However, plaintiffs have presented evidence to the Court demonstrating that USIC had actual knowledge of the Xec action since at least August 19, 2014, when it issued a denial letter regarding that action. See Wollman Decl.") ¶¶ 3–4, Exs. 27–28. And contrary to USIC's assertion, plaintiffs do not have the burden of disproving the late-asserted defenses as a matter of law in order to prevail on their motion for partial summary judgment with respect to the duty to defend. Rather, because plaintiffs have established a *prima facie* case, the burden has shifted to USIC to produce "undisputed extrinsic evidence" that "conclusively . . . negate[s] coverage as a matter of law." Anthem, 302 F.3d at 1055. As previously noted, "[m]erely raising a triable issue of material fact will not defeat summary judgment in this instance." PMA Capital, 695 F. Supp. 2d at 1125. USIC's request for additional discovery merely confirms that it has a duty to defend.

Accordingly, the Court concludes that USIC has failed to rebut plaintiffs' *prima facie* showing of potential coverage under the policies, and accordingly USIC has a duty to defend its insureds against the Chavez action.

### B. Equitable Contribution

"An action for equitable contribution allows an insurer to sue for pro rata reimbursement from another insurance company when it has defended a mutually insured party without participation by the other insurance company." Hudson, 624 F.3d at 1267 (citing Monticello Ins. Co. v. Essex Ins. Co., 162 Cal.App.4th 1376 (2008)). A defending insurer "has met its burden of proof when it makes a prima facie showing of coverage under the nonparticipating insurer's policy—the same showing of potential coverage necessary to trigger the nonparticipating insurer's duty to defend." Safeco Ins. Co. of America v. Superior Court, 140 Cal. App. 4th 874, 877 (2006). For the reasons previously articulated with respect to USIC's duty to defend, the Court finds that USIC owes reimbursement to plaintiffs for an equitable share of all defense expenses incurred to date and must contribute an equal share of such expenses on a prospective basis until its duty to defend is discharged.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**      **'O'**

| Case No. | 2:17-cv-06589-CAS(RAOx) | Date | April 24, 2018 |
|---|---|---|---|
| Title | CENTURY SURETY CO., ET AL. V. UNITED SPECIALTY INS. CO. | | |

## V.   CONCLUSION

In accordance with the foregoing, plaintiffs' motion for partial summary judgment is **GRANTED**.

In this regard, the Court finds that: (1) USIC owes a duty to defend its insureds Bonnie Brae Investment Services, LLC and Ramin Akhavan against the <u>Chavez</u> action, <u>see</u> <u>Amando Chavez, et al. v. Bonnie Brae Investment Services, LLC, et al.</u>, Los Angeles Superior Court Case No. BC612376; (2) USIC owes reimbursement to plaintiffs for an equitable share of all defense expenses invoiced on or before January 1, 2018 for the defense of the insureds in the amount of $54,369.82; and (3) USIC is obligated to pay an equal share of all defense expenses from January 1, 2018 until termination of USIC's duty to defend by settlement or final judgment.

    **IT IS SO ORDERED**.

                                                                                            00      :      00

                                                            Initials of Preparer             CMJ