| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:17-cv-06589-CAS(RAOx) | Date | May 3, 2018 |
| Title | CENTURY SURETY CO., ET AL. V. UNITED SPECIALTY INS. CO. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: | |
| Not Present | | Not Present | |

**Proceedings:** (IN CHAMBERS) - DEFENDANT'S MOTION FOR LEAVE TO FILE A FIRST AMENDED ANSWER (Dkt. 37, filed March 30, 2018)

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7–15. Accordingly, the hearing currently scheduled for May 7, 2018 is hereby vacated, and the matter is taken under submission.

## I. INTRODUCTION & BACKGROUND

On September 7, 2017, plaintiffs Century Surety Company ("Century Surety") and Evanston Insurance Company ("Evanston") filed this insurance-coverage action against defendant United Specialty Insurance Company ("USIC"). Dkt. 1 ("Compl."). Plaintiffs contend that USIC owes a duty to defend and indemnify its insured, Bonnie Brae Investment Services, LLC ("Bonnie Brae"), against an underlying landlord–tenant action. In brief, plaintiffs allege that Century Surety, Evanston, USIC, and Certain Underwriters at Lloyds, London ("Lloyds") issued consecutive commercial general liability policies to Bonnie Brae. After Bonnie Brae and its principal Ramin Akhavan ("Akhavan") were named as defendants in <u>Amando Chavez, et al. v. Bonnie Brae Investment Services, LLC, et al.</u>, Los Angeles Superior Court Case No. BC612376, Century Surety, Evanston and Lloyds agreed to defend both Bonnie Brae and Akhavan under reservation of rights, but USIC denied coverage and has declined to participate in the defense. Plaintiffs assert claims for (1) declaratory relief with respect to USIC's duty to defend and indemnify the insureds, (2) equitable contribution to defense costs, and (3) equitable contribution to indemnification costs.

On January 29, 2018, plaintiffs filed a motion for partial summary judgment with respect to USIC's duty to defend. Dkt. 23. The Court held a hearing on March 12, 2018,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | **'O'** |
|---|---|---|---|
| Case No. | 2:17-cv-06589-CAS(RAOx) | Date | May 3, 2018 |
| Title | CENTURY SURETY CO., ET AL. V. UNITED SPECIALTY INS. CO. | | |

granted USIC's request to file supplemental briefing regarding a newly asserted affirmative defense based on misstatements and omissions in Bonnie Brae's insurance applications, and thereafter took the matter under submission. Dkt. 34. On April 24, 2018, the Court granted plaintiffs' motion for partial summary judgment, holding that: (1) USIC owes a duty to defend its insureds Bonnie Brae and Akhavan against the Chavez action; (2) USIC owes reimbursement to plaintiffs for an equitable share of all defense expenses incurred to date; and (3) USIC is obligated to pay an equal share of all defense expenses on a prospective basis. Dkt 41.

On March 30, 2018, during the pendency of the Court's summary judgment order, USIC filed the above-captioned motion for leave to file a first amended answer. Dkt. 39 ("Mot."). On April 16, 2018, plaintiffs filed an opposition, dkt. 39 ("Opp'n"); and USIC filed a reply on April 23, 2018, dkt. 40 ("Reply"). Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II. LEGAL STANDARD

Rule 15 of the Federal Rules of Civil Procedure provides that after a party has amended a pleading once as a matter of course, it may only amend further after obtaining leave of the court, or by consent of the adverse party. Fed. R. Civ. P. 15(a)(1). Outside of this timeframe, "a party may amend its pleading only with the opposing party's written consent or the court's leave," though the court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Ninth Circuit has emphasized that this policy is "to be applied with extreme liberality." Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir.2001) (quoting Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990)). "In exercising its discretion, a court must be guided by the underlying purpose of Rule 15," which is "to facilitate [a] decision on the merits, rather than on the pleadings or technicalities." DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987) (citation and quotation marks omitted).

District courts consider the following five factors to assess whether to grant leave to amend: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether [a party] has previously amended his [pleading]." In re W. States Wholesale Nat. Gas Antitrust Litig., 715 F.3d 716, 738 (9th Cir. 2013) (quotation omitted). "As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003). Absent prejudice, or a strong showing on the remaining factors, "there exists a *presumption* under Rule 15(a) in favor

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:17-cv-06589-CAS(RAOx) | Date | May 3, 2018 |
| Title | CENTURY SURETY CO., ET AL. V. UNITED SPECIALTY INS. CO. | | |

of granting leave to amend." Id. at 1052 (emphasis in original). "Denials of motions for leave to amend have been reversed when lacking a contemporaneous specific finding by the district court of prejudice to the opposing party, bad faith by the moving party, or futility of amendment." DCD Programs, 833 F.2d at 186–87.

## III. DISCUSSION

USIC requests the Court's leave to file a first amended answer to assert two additional affirmative defenses, rescission and misrepresentation, based on misstatements and omissions in Bonnie Brae's insurance applications. Mot. at 1. Grounds for rescission may be asserted as an affirmative defense, Resure, Inc. v. Superior Court, 42 Cal. App. 4th 156, 166 (1996), and "[w]hen a policyholder conceals or misrepresents a material fact on an insurance application, the insurer is entitled to rescind the policy." LA Sound USA, Inc. v. St. Paul Fire & Marine Ins. Co., 156 Cal. App. 4th 1259, 1266 (2007). Bonnie Brae allegedly failed to disclose its loss history, prior claims, and ongoing complaints regarding the building, which form the basis for the underlying Chavez action. Mot. at 1. USIC indicates that defense counsel discovered the basis for these additional affirmative defenses during the course of preparing USIC's opposition to plaintiffs' motion for partial summary judgment. Id., dtk. 37-1, Declaration of Austin S. Haigh ("Haigh Decl.") ¶ 4.

Plaintiffs filed their opposition to the instant motion during the pendency of the Court's ruling on partial summary judgment. They oppose granting leave to amend primarily by arguing that the motion was made in bad faith to prejudice plaintiffs and prevent entry of summary judgment on the issue of USIC's duty to defend. Opp'n at 3–5 (citing Acri v. Int'l Ass'n of Machinists & Aerospace Workers, 781 F.2d 1393, 1398–99 (9th Cir. 1986) (holding that district court did not abuse its discretion in denying leave to amend where it "found that plaintiffs' motion to amend was brought to avoid the possibility of an adverse summary judgment ruling, and that allowing amendment would prejudice the [defendant] because of the necessity for further discovery.")). Plaintiffs further argue that USIC unreasonably delayed presenting the defenses because it had actual knowledge of a prior landlord–tenant action that Bonnie Brae failed to disclose since at least August 19, 2014, when USIC issued a denial letter regarding that action. Opp'n at 5. Finally, plaintiffs assert that amendment would be futile because—in the context of their motion for partial summary judgment on the duty to defend—plaintiffs have established a *prima facie* showing of potential coverage under the policies, and USIC cannot defeat summary judgment merely by raising a triable issue of material fact regarding late-asserted defenses. Id. at 7.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | 'O' |
|---|---|---|---|
| Case No. | 2:17-cv-06589-CAS(RAOx) | Date | May 3, 2018 |
| Title | CENTURY SURETY CO., ET AL. V. UNITED SPECIALTY INS. CO. | | |

However, circumstances have changed since the Court granted plaintiffs' motion for partial summary judgment April 24, 2018, concluding that USIC owes a duty to defend its insureds against the Chavez action. Accordingly, to the extent USIC seeks to assert new defenses in order to avoid its duty to defend, amendment would clearly be futile. As USIC notes in its reply brief, however, the motion for partial summary judgment does not address USIC's separate duty to *indemnify* the insureds. Reply at 4. Thus, regardless of the Court's ruling on the issue of the duty to defend, the affirmative defenses of rescission and misrepresentation remain viable and proper subjects of discovery with respect to plaintiffs' claims for declaratory relief on the duty to indemnify and equitable contribution for indemnity. See id.

In light of this procedural development, the Court sees no reason to deny USIC leave to file an amended complaint. Even if USIC was partially motivated to bring the instant motion in an effort to stave off summary judgment regarding its duty to defend, because the affirmative defenses are separately relevant to its duty to indemnify, the Court finds no showing of bad faith. Although plaintiffs contend there is undue delay because USIC had actual knowledge of the prior action since 2014 but failed to raise the affirmative defenses previously, the Court has little reason to doubt Mr. Haigh's sworn declaration stating that defense counsel first discovered the basis for the defenses during the course of preparing to oppose partial summary judgment. See Haigh Decl. ¶ 4. Nor will plaintiffs suffer substantial prejudice: the trial in this matter is not scheduled until December 4, 2018 and therefore the parties have ample time to conduct whatever discovery may be necessary. Finally, as previously mentioned, amendment is not futile because the affirmative defenses are viable against the plaintiffs' remaining claims based on USIC's duty to indemnify.

## IV. CONCLUSION

In accordance with the foregoing, USIC' motion for leave to file a first amended answer is **GRANTED**.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |